# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

87  351
a187s149

## THIRD DISTRICT—NOVEMBER TERM, 1899.

### Birdsell Mfg. Co. v. William H. Oglevee, Thomas N. Leavitt and Ela Brown.

1. TORT—*Effect of a Waiver.*—Where a person, with full knowledge of the facts, elects to waive a tort and sue in assumpsit, he can not afterward discontinue his action and sue in tort. Such election once made is final.

Trover.—Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

J. B. HUTCHINSON and MOORE, WARNER & LEMON, attorneys for appellant.

GEO. K. INGHAM, B. F. SHIPLEY and MILLS BROS., attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant sued appellees first in assumpsit and then by leave of the court changed the form of the action to trover and case, to recover against them for the alleged wrongful conversion of certain manufactured implements consigned to the Leavitt & Oglevee Co., a corporation of which appellees

were the officers and managers. The consignment was made to the consignee for it to sell the goods and to make remittances of the proceeds of such sales from time to time to the consignor. Certain sales of part of the goods, and remittances therefor were made, after which the Leavitt & Oglevee Co. traded the remainder of the goods, amounting to $1,475.15, appellant's price, with other property of the latter company, for Missouri lands, it then being the purpose of the Leavitt & Oglevee Co. to close out and retire from business, the title of the lands having been taken for the use of the latter company. This transaction was reported to appellant in December, 1895, and to which it then made no objection. In July and August, 1895, the Leavitt & Oglevee Co. was garnisheed as creditors of appellant at the suit of Illinois Malleable Iron Co. and Independent Fire Sprinkler Co. for the respective sums of $635.19 and $414.50, and for which, by the consent of appellant, judgments were rendered against the Leavitt & Oglevee Co. after it had reported the trade of implements for Missouri land as above stated. After these judgments were so rendered they were by the court, on motion, set aside for the reason no judgments had previously been rendered against appellant for the respective sums due its creditors in the attachment suits in which the garnishment proceedings emanated, it then being supposed the judgments in garnishment were invalid for such reason; but later, and after judgments were obtained in the original suit, the judgments against the garnishees were renewed.

In this case a trial by the court, a jury having been waived, resulted in a finding and judgment against appellant in bar of its action and for costs, from which it appeals to this court, and to effect a reversal of such judgment has assigned and argued as error of the trial court the admission of improper evidence, the rulings of the court as to the law in the decision of the case, and especially that the finding of the trial court is not supported by the evidence.

We do not deem it necessary to discuss all the questions made by counsel by which the ruling of the trial court is

brought before us upon the admission of evidence. Inasmuch as the trial was by the court, no good purpose would be subserved in extending this opinion, if we find sufficient competent evidence in the record by which the finding of the trial judge may be supported.

The suit is in tort against appellees individually, they having been directors of the Leavitt & Oglevee Co. at the time of the exchange for the Missouri land, the corporation having subsequently become insolvent. The contention of appellant is that appellees, as directors of the corporation, wrongfully converted the property of appellant to their own use. It is replied to this that the contracts under which the Leavitt & Oglevee Co. accepted the goods of appellant are but contracts of sale and not of bailment, but we can not so construe them. It is next urged by appellees that appellant, by its silence, and failure to object after the exchange was reported to it, acquiesced therein, and by consenting to the entry of money judgments for the value of the goods at their own prices in the garnishee proceedings, and generally by their acts, ratified the transaction as a sale to the Leavitt & Oglevee Co., and thereby waived the alleged tort and accepted the Leavitt & Oglevee Co. as contract creditors, and having so ratified the sale and waived the tort it can not now be heard to say it will hold appellees liable in any form of action, and especially not in form *ex delicto*. Upon an examination of the evidence we feel warranted in the conclusion that the findings of the trial court upon these respective contentions are fully sustained and supported, and we are not inclined to disturb such finding. It seems clear to us that the correct conclusion to be drawn from all the evidence, and that the natural inference to be drawn from undisputed facts is, that appellant was satisfied to accept the Leavitt & Oglevee Co. as its creditor for the goods consigned to it, and that it did ratify the exchange of its property to Evans for the Missouri land, and that until the Leavitt & Oglevee Co. became insolvent, no objection or thought of objection was manifested by or in the mind of appellant to such exchange.

Appellant had already sufficient faith in the honesty and ability of the corporation to induce it to confide the care of and authority to sell its property by the Leavitt & Oglevee Co. and make remittance of the proceeds of sales, and it is not unreasonable to infer from the evidence in the case that such trust and confidence extended to a desire and willingness to sell the same property to that company, and that it did accept the relation of vendor and purchaser immediately the facts were reported. Having once voluntarily, with full knowledge of the facts, assumed the relation of vendor, as we think it did, and thereby waived the tort, if one there was, appellant is not now entitled to maintain this action against the appellees.

We find no reversible error in rulings of the court, in the admission of evidence, or in its holdings as to the law in the decision of the case, and the judgment of the Circuit Court will be affirmed.

Judgment affirmed.